**FROM: The District Court of the 21st Judicial District. County of Ravalli.**

STATE OF MONTANA,
   Plaintiff,                         No. DC-01-16
vs.                                 Decision
DAVID W. TAYLOR,
   Defendant,

On June 13, 2001, the defendant was sentenced to ten (10) years in the Montana State Prison, with five (5) years suspended, for the offense of Criminal Endangerment, a felony; five (5) years in the Montana State Prison, to run consecutive to the above sentence, for the offense of Assault on a Minor, a felony; and one (1) year in the Ravalli County Detention Center, to run concurrent with the above sentences, for the offense of Partner or Family Member Assault, for a total term of imprisonment of fifteen (15) years, with five (5) years suspended.

On October 11, 2001, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Larry Mansch. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the

sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

It is the unanimous decision of the Sentence Review Division that the sentence shall be amended as follows: Criminal Endangerment: Ten (10) years in the Montana State Prison, with five (5) years suspended; Assault on a Minor: Five (5) years in the Montana State Prison, with three (3) years suspended, to run consecutive to the above sentence; and Partner or Family Member Assault: One (1) year in the Ravalli County Detention Center, to run concurrent with the above sentences, for a total term of imprisonment of fifteen (15) years, with eight (8) years suspended.

The Board also corrects the Judgment and Commitment so that the restitution portion on page 3 will match with the restitution calculation set out on page 5 --- the correct amount of restitution is in this matter is $2,070.33.

The reason for the amendment is that the sentence clearly exceeds the plea bargain agreement and also the recommendation in the presentence investigation report.

Done in open Court this 11th day of October, 2001.

DATED this 14th day of November, 2001.

Acting Chairman, Hon. David Cybulski, Member, Hon. Katherine R. Curtis and Alternate Member, Hon. John Whelan.